# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
|    CHRIS G. MASABERG | | Case No. 09-35367-RAG |
|    CARLY E. MASABERG | * | |
| | | (Chapter 7) |
|       Debtors. | * | |

. 
* * * * * * * *     * * * * *

LORI SIMPSON, Chapter 7 Trustee                     *

     Plaintiff                                                      *

v.                                                                          Adversary No:_____

                                                                                    *

FIRST MAGNUS FINANCIAL CORPORATION,
603 North Wilmot Road                                           *
Tucson, Arizona 85711
        <u>serve</u>:  The Corporation Trust Incorporated,
                Resident Agent                                    *
                300 E Lombard Street
                Baltimore, Maryland 21202              *

BAC HOME LOANS SERVICING, LP,                     *
(successor in interest to First Magnus Financial
Corporation)                                                             *
6400 Legacy Drive
Plano, Texas 75024                                                  *
        <u>serve</u>:  The Corporation Trust Incorporated,
                Resident Agent                                    *
                351 West Camden Street
                Baltimore, Maryland 21201              *

and                                                                            *

US RECORDINGS, INC.                                         *
2925 Country Drive
St. Paul, Minnesota 55117                                     *
        <u>serve</u>:  Jeff Carlson, President/CEO
                                          *

     Defendants
* * * * * * * *     * * * * *

## COMPLAINT TO (i) AVOID LIEN PURSUANT TO 11 U.S.C. § 544; AND (ii) RECOVER VALUE PURSUANT TO 11 U.S.C. § 550

Lori S. Simpson, Chapter 7 Trustee for the estate of Chris G. Masaberg and Carly E. Masaberg, by and through undersigned counsel, hereby files this Complaint to (i) Avoid Lien Pursuant to 11 U.S.C. § 544 and (ii) Recover Value Pursuant to 11 U.S.C. § 550, and alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The claims set forth herein are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A),(K) and (O).

4. The statutory predicate for this Complaint is 11 U.S.C. §§ 544 and 550.

### Parties and Background

5. On December 30, 2009 (the "Petition Date"), Chris G. Masaberg and Carly E. Masaberg (the "Debtors") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6. On or about December 30, 2009, Lori Simpson (the "Trustee") was appointed as the Chapter 7 Trustee and has been acting in that capacity since that time.

7. Among the assets which constitute property of the Debtors' Bankruptcy Estate is an interest in certain real property known as 10227 Liberty Road, Randallstown, Maryland 21133 (the "Property").

8. First Magnus Financial Corporation ("First Magnus") is reflected to be the beneficiary

under a Deed of Trust recorded at Liber 25884, folio 063 in the Land Records of Baltimore County (the "Deed of Trust").

9. The Deed of Trust purports to grant a first lien on the Property to First Magnus. A true and accurate copy of the Deed of Trust is attached hereto and prayed apart hereof as **Exhibit A**.

10. BAC Home Loans Servicing, LP ("BAC Home Loans") is identified on the Debtors' schedules as the current holder of and beneficiary under the Deed of Trust.

11. US Recordings, Inc. ("US Recordings") is identified as the title company that prepared and recorded the Deed of Trust.

### COUNT I – Avoidance of Defective Deed of Trust (§544)

12. The allegations contained in paragraphs 1 through 11 are hereby incorporated by reference as if fully set forth herein.

13. Pursuant to § 544 of the Bankruptcy Code, the Trustee's strong-arm powers include those of a hypothetical judicial lien creditor or a bona fide purchaser of real property at the time of the commencement of the case, such that the Trustee may avoid a prior defective or voidable lien. 11 U.S.C. § 544.

14. The Trustee's rights under § 544 are determined by applicable state law. Havee v. Belk, 775 F.2d 1209, 1218 (4th Cir. 1985).

15. In the instant case, the Property is located in the State of Maryland, and the Deed of Trust likewise provides, "Governing Law. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." **Exhibit A**, Deed of Trust at paragraph 16.

16. Section 4-106(a) of the Real Property Article of the Maryland Code reads: "No mortgage or deed of trust is valid except as between the parties to it, unless there is contained in, endorsed on, or attached to it an oath or affirmation of the mortgagee or the party secured by a deed of trust that the consideration recited in the mortgage or deed of trust is true and bona fide as set forth."

17. First Magnus' Deed of Trust fails to meet the requirements under § 4-106 as it does not contain an oath or affirmation of the party secured by the deed of trust that the consideration recited in the deed of trust is true and bona fide as set forth. Rather, the Deed of Trust contains only a blank affidavit. **Exhibit A**, Deed of Trust at Liber 25884, folio 078.

18. In the absence of a valid affidavit of consideration, the Deed of Trust is void as to subsequent creditors and bona fide purchasers without notice.

19. Thus, First Magnus and BAC Home Loans' interest in the Property is subordinate to and avoidable by the Trustee exercising her status as a creditor, judgment lien creditor, and/or bona fide purchaser under Maryland law pursuant to § 544 of the Bankruptcy Code.

### COUNT II – Recovery of Avoided Transfer Value (§550)

20. The allegations contained in paragraphs 1 through 19 are hereby incorporated by reference as if fully set forth herein.

21. As set forth above, the Trustee is entitled to avoid the Deed of Trust, wherein the Debtor transferred an interest in the Property for the benefit of First Magnus and BAC Home Loans.

22.     Pursuant to § 550, to the extent that a transfer is avoided, a trustee may recover the property transferred, or value of such transfer, from the initial transferee or the entity for whose benefit the transfer was made.

23.     Thus, the Trustee is entitled to recover from First Magnus and BAC Home Loans the value of the Debtor's interest in the Property transferred pursuant to the Deed of Trust.

WHEREFORE, Lori Simpson, the Chapter 7 Trustee herein, respectfully requests that this Court enter an Order

(A)     Avoiding the lien recorded in favor of First Magnus Financial Corporation against 10227 Liberty Road, Randallstown, Maryland 21133 at Liber 25884, folio 063 in the Land Records of Baltimore County;

(B)     Entering judgment against First Magnus Financial Corporation and BAC Home Loans Servicing, LP pursuant to 11 U.S.C. § 550 for the value of the Debtors' interest transferred pursuant to the Deed of Trust recorded at Liber 25884, folio 063 in the Land Records of Baltimore County;

(C)     Granting such other and further relief as is just and equitable.

Date: May 25, 2010                     /s/ Joseph Selba
                                       Lori Simpson, Bar No. 04075
                                       Joseph Selba, Bar No. 29181
                                       Bishop, Daneman & Simpson, LLC
                                       1400 South Charles Street
                                       Baltimore, Maryland 21230
                                       (410) 385-5383
                                       (410) 385-1514 (facsimile)
                                       lsimpson@bdslegal.com
                                       jselba@bdslegal.com
                                       Counsel for Chapter 7 Trustee